IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY BOOTHE, and<br>PATRICK E. BOOTHE,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARSHALL BROWNING HOSPITAL,<br><br>    Defendant,<br><br>And<br><br>K. RAJASEKHARA WARRIER, MD,<br><br>    Respondent in Discovery. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 12-cv-025-MJR-SCW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On January 10, 2012, Plaintiffs Judy Boothe and Patrick E. Boothe filed suit in this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332 (Doc. 2). Plaintiffs' claims stem from how Patrick E. Booth was treated when he suffered a stroke and was taken to Marshall Browning Hospital in DeQuoin, Illinois on March 22, 2010. Plaintiffs assert a claim for negligence and a claim for vicarious liability against Defendant Marshall Browning Hospital. Defendant Dr. Warrier is designated a respondent in discovery, pursuant to 735 ILCS 5/2-402.[1] Plaintiffs allege that Warrier is "believed to have information essential to the resolution of this cause of action." The complaint concludes by praying for money damages and costs against "Defendants," "each of them."

---

[1] The Illinois Code of Civil Procedure, 735 ILCS 5/2-402, discussed below, allows a plaintiff to designate a person or entity as a "respondent in discovery" rather than a defendant.

Before the Court is Dr. Warrier's motion to dismiss him as a respondent in discovery and from this action, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 23). Plaintiffs have filed a response to the motion to dismiss and, in the alternative, they seek leave to amend the complaint to state a claim of negligence against Dr. Warrier (Doc. 28). Neither Dr. Warrier nor Marshall Browning Hospital has responded to Plaintiffs' alternative motion for leave to amend. However, Plaintiffs assert that the Hospital has consented to the proposed amended complaint, but Dr. Warrier has specifically not consented.

1. Applicable Legal Standards

Dr. Warrier contends that the complaint, with respect to him, fails to allege a case and controversy, so the Court lacks subject matter jurisdiction. If a Court lacks subject matter jurisdiction over a claim, it must dismiss that claim pursuant to Federal Rule of Civil Procedure 12(b)(1). Insofar as Dr. Warrier asserts that Plaintiffs have failed to allege a viable claim, in ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E. O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). In either situation, the Court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in Plaintiffs' favor. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004) (regarding Rule 12(b)(1)); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (regarding Rule 12(b)(6)).

2. <u>Analysis</u>

Dr. Warrier characterizes 735 ILCS 5/2-402 as a procedural rule—a discovery mechanism. He argues that, because Plaintiffs invoke subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, federal law, not state law, governs matters of procedure in federal court. *See Hanna v. Plumer,* 380 U.S. 460, 464-465 (1965); *Kijowska v. Haines,* 463 F.3d 583, 589 (7th Cir. 2006); *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009). More specifically, Warrier contends that because federal and state precedents do not equate a respondent in discovery to a party (a defendant), there is no case and controversy, as required by Article III § 2 of the Constitution (*see also Allen v. Wright*, 468 U.S. 737, 750 (1984)).

Plaintiffs cite *Moomaw v. Mentor H/S, Inc.*, 731 N.E.2d 816, 821-822 (Ill. App. 4th Dist. 2000), which held that Section 2-402 was applicable in a diversity action in federal court because it was intended to influence substantive outcomes, and to treat it as a pure procedural rule could defeat the proper joinder of defendants. However, Plaintiffs' counsel notes that *Moomaw* was called into question in *Montclair-Bohl v. Janssen Pharmaceutical, Inc.*, 2006 WL 2700013 (N.D.Ill. 2006). Although Plaintiffs do not concede Dr. Warrier's motion, they alternatively seek leave to amend the complaint to add a negligence claim against Dr. Warrier, in place of the respondent in discovery count in the original complaint.

This Court's first task is to verify that subject matter jurisdiction lies. *See, e.g., Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). Therefore, the Court will first analyze the complaint under Rule 12(b)(1).

In principal part, Section 2-402 states:

§ 2-402. Respondents in discovery. The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, **other than the named defendants**, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and **may, on motion of the plaintiff, be added as defendants** if the evidence discloses the existence of probable cause for such action.

A person or entity named a respondent in discovery **may upon his or her own motion be made a defendant in the action**, in which case the provisions of this Section are no longer applicable to that person.

A copy of the complaint shall be served on each person or entity named as a respondent in discovery.

**Each respondent in discovery shall be paid expenses and fees as provided for witnesses.**

A person or entity named as a respondent in discovery in any civil action **may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery**, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. An extension from the original 6-month period for good cause may be granted only once for up to 90 days for (i) withdrawal of plaintiff's counsel or (ii) good cause. Notwithstanding the limitations in this Section, the court may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery.

735 ILCS 5/2-402 (emphasis added).

Originally applied primarily in medical malpractice cases, Section 2-402 was a reform measure enacted to help defendants avoid the costs and burdens of litigation while assisting plaintiffs in discovering parties against whom a cause of action might lie. *See Robinson v. Johnson,* 809 N.E.2d 123, 129 (7th Cir. 2003); *Bosgeth v. Emanuel,* 655 N.E.2d 888 (Ill. 1995);

*Lewis v. Dillon*, 816 N.E.2d 715, 721 (Ill. App. 1st Dist. 2004). This Court reads Section 2-402 as plainly distinguishing a respondent in discovery from a party defendant. It is axiomatic that if the statute provides a process by which a respondent in discovery may become a defendant, then a respondent in discovery is not a defendant to an action. Similarly, the distinction between a respondent in discovery and a defendant—particularly the provision for paying a respondent in discovery like a witness−re-enforces that Section 2-402 is a procedural mechanism for discovery, and does not create a substantive cause of action. Rather, Section 2-402 is wholly dependent upon there being a predicate substantive claim.

*Moomaw v. Mentor H/S, Inc.*, 731 N.E.2d 816 (Ill. App. 4th Dist. 2000), cited by Plaintiffs, is an outlier, distinguishable by the fact that the state appellate court focused on how it was not bound by the contrary federal precedent, *Murphy v. Schering Corp.*, 878 F.Supp. 124 (N.D.Ill. 1995). *Moomaw*, 731 N.E.2d at 820-821. More recently, in *Westmeyer v. Flynn*, 889 N.E.2d 671, 673 n.2 (Ill. App. 1st Dist. 2008), the Illinois Court of Appeals reiterated: "respondents in discovery are not parties to the action in which they are named." *Accord Shanklin v. Hutzler*, 691 N.E.2d 7, 13 (Ill. App. 1st Dist. 1995); *Engel v. St. Mary's Hosp. of Decatur*, 555 N.E.2d 810, 811 (Ill. App. 4th Dist. 1990). Rather, respondents in discovery are a category of non-defendants unique to Illinois law.

The Court of Appeals for the Seventh Circuit, too, has pointed out that respondents in discovery are not parties as, for example, in *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996): "at the time she filed her motion to remand, Dr. Anderson was not a party to the lawsuit, but merely a respondent-in-discovery."

Therefore, Dr. Warrier's Rule 12(b)(1) motion to dismiss the purported claim against Warrier as a respondent in discovery will be granted. Having concluded that the Court lacks subject matter jurisdiction relative to Dr. Warrier, further analysis under Rule 12(b)(6) is not necessary.

### 3. Plaintiffs' Motion to Amend the Complaint

In their response to Dr. Warrier's motion to dismiss, Plaintiffs seek leave to amend the complaint to replace the respondent in discovery "claim" with a claim of negligence against Dr. Warrier. A response to a motion is not a motion, and Plaintiffs' motion to amend should have been filed separately. Therefore, the Court will not assume Dr. Warrier's failure to respond to the motion to amend is a concession to amendment—particularly since Plaintiffs specify that Dr. Warrier has *not* consented to the proposed amended complaint.

Plaintiffs do not indicate whether they seek to convert Dr. Warrier to a defendant by way of 735 ILCS 5/2-402, or whether, for example, he is a necessary party under Federal Rule of Civil Procedure 19. Accordingly, the Court will deny Plaintiffs present motion for leave to amend, without prejudice. The Court will not yet dismiss Dr. Warrier as a nominal party; rather, the Court will require that Plaintiffs file a separate motion seeking leave to amend the complaint, including additional information relative to the Court's concerns.

### 4. Conclusion

Fore the reasons stated, Dr. Warrier's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Doc. 23) is **GRANTED**, contingent upon Plaintiffs failing to secure leave to amend the complaint.

Normally, dismissal would be immediate and with prejudice, but because there is a possibility that Plaintiffs have a proper basis for adding a claim against Dr. Warrier, the Court will allow Plaintiffs until **August 31, 2012**, to file a motion for leave to amend. Failure to file a motion by that deadline will automatically cause Dr. Warrier to be dismissed as a party, with prejudice. Similarly, failure to secure leave to amend the complaint will result in the dismissal of Dr. Warrier, with prejudice.

IT IS SO ORDERED.

DATED: August 13, 2012

s/ Michael J. Reagan<br>
MICHAEL J. REAGAN<br>
United States District Judge