## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUDY BOOTHE, and<br>PATRICK E. BOOTHE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Case No. 12-cv-025-MJR-SCW** |
| MARSHALL BROWNING HOSPITAL, and<br>K. RAJASEKHARA WARRIER, MD, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On January 10, 2012, Plaintiffs Judy Boothe and Patrick E. Boothe filed suit in this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332 (Doc. 2).   Plaintiffs' claims stem from how Patrick E. Booth was treated when he suffered a stroke and was taken to Marshall Browning Hospital in DeQuoin, Illinois, on March 22, 2010.   Plaintiffs' original complaint asserted a claim for negligence and a claim for vicarious liability against Defendant Marshall Browning Hospital; Dr. K. Rasjaskhara Warrier was designated a "respondent in discovery," pursuant to 735 ILCS 5/2-402.[1]  At this juncture, Plaintiffs' Amended Complaint (Doc. 37) controls, which contains a negligence claim against Dr. Warrier.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Warrier is before the Court seeking to dismiss Count III, the negligence claim lodged against him (Doc. 38).   Also before the Court is Plaintiff's response in opposition to the motion to dismiss (Doc. 42).

---

[1] The Illinois Code of Civil Procedure, 735 ILCS 5/2-402, discussed below, allows a plaintiff to designate a person or entity as a "respondent in discovery" rather than a defendant.

1

Defendant Warrier asserts that the claim against him is barred by the two-year statute of limitations (735 ILCS 5/13-212(a)).   More specifically, Warrier contends that he was not made a defendant to this action until September 2, 2012, which is more than two years after the incident at issue, and even beyond the additional extended period available under 735 ILCS 5/2-402 for adding those designated as "respondents in discovery" as parties to the case. Plaintiffs counter that the tolling provision in 735 ILCS 5/2-402 is integral to the Illinois statute of limitations and constitutes substantive law, which is, therefore, controlling in this diversity action. Plaintiffs note that on May 28, 2012, they moved to amend the complaint to add Dr. Warrier as a defendant, which was within the six-month period allotted under 735 ILCS 5/2-402 for converting a respondent in discovery to a party (*see* Doc. 28).   Plaintiffs' initial motion to amend (integrated into Plaintiffs' response to Dr. Warrier's first motion to dismiss) was denied without prejudice (Doc. 30), and their subsequent motion to amend was granted (Doc. 36), permitting the amended complaint (Doc. 37) to be filed.

1.   Applicable Legal Standards

Dr. Warrier asserts that Plaintiffs have failed to allege a viable claim against him, in that he was not sued before the two-year period prescribed by 735 ILCS 5/13-212(a) for filing an action against a physician regarding patient care.   In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E. O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

Rule 12(b)(6) is concerned with the adequacy of the pleadings, and a statute of limitations provides an affirmative defense. *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 485 (7th Cir. 2012).   Generally, Rule 12(b)(6) should not be used to test an affirmative defense, but when all relevant facts are presented, the court may properly dismiss a case before discovery on the basis of an affirmative defense. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (approving dismissal based on statute of limitations when the relevant dates were set forth in the complaint)).   With that said, such a motion is better brought pursuant to Federal Rule of Civil Procedure 12(c), which pertains to judgment on the pleadings. *Brownmark*, 682 F.3d at 690.

If the Court takes notice of matters outside the pleadings, Federal Rule of Civil Procedure 12(d) provides that the motion be treated as a motion for summary judgment under Rule 56.   Nevertheless, as explained in *Ennenga v. Starns*, 677 F.3d 766, 773-774 (7th Cir. 2012):

> Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.   A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned.

*Id*. (internal citations omitted).   In *Ennenga*, the Court of Appeals for the Seventh Circuit approved taking notice of information in the complaint, as well as undisputed dates and deadlines that fell within its judicial-notice power.   *Id*.

As in *Ennenga,* the Court does not have to convert Defendant Warrier's motion to dismiss to a motion for summary judgment. The amended complaint reveals that March 22, 2010, is the operative date triggering the two-year period for filing suit (Doc. 37, p.p. 2-4). The chronology of procedural events relevant to determining whether the statute of limitations

bars Count III is a matter of record, undisputed by the parties.   The parties do not dispute that 735 ILCS 5/13-212(a) prescribes a two-year statute of limitations, or that a respondent in discovery under 735 ILCS 5/2-402 is not a party to an action.   *Westmeyer v. Flynn*, 889 N.E.2d 671, 673 n.2 (Ill. App. 1st Dist. 2008) ("respondents in discovery are not parties to the action in which they are named"); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 fn.3 (7th Cir. 1996) (recognizing the distinction between a party to a lawsuit and a respondent in discovery). The parties present a question of law regarding whether Plaintiffs have properly invoked the six-month extension of the statute of limitations deadline available under 735 ILCS 5/2-402.

To survive a Rule 12(c) motion, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the speculative level, assuming that all well-pleaded allegations in the complaint are true. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

### 2.   Relevant Procedural History

Plaintiffs Patrick E. Boothe and Judy Boothe initiated this action on January 10, 2012 (Doc. 2).   Dr. Warrier was designated as a respondent in discovery, pursuant to 735 ILCS 5/2-402, not as a party.

On May 15, 2012, Warrier moved to be dismissed from the action as a respondent in discovery for want of subject matter jurisdiction, based on the fact that 735 ILCS 5/2-402 does not create a cause of action (Doc. 23).   Dr. Warrier characterized 735 ILCS 5/2-402 as a procedural rule—a discovery mechanism.   He argued that, because Plaintiffs invoked subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, federal law, not state law, governs matters of procedure in federal court.   *See Hanna v. Plumer,* 380 U.S. 460, 464-465

(1965); *Kijowska v. Haines,* 463 F.3d 583, 589 (7th Cir. 2006); *Camp v. TNT Logistics Corp.*, 553

F.3d 502, 505 (7th Cir. 2009). In response to the first motion to dismiss, Plaintiffs asserted that

Section 2-402 is a substantive rule (Doc. 28).   Plaintiffs cited *Moomaw v. Mentor H/S, Inc.*, 731

N.E.2d 816, 821-822 (Ill. App. 4th Dist. 2000), which held that Section 2-402 was applicable in a

diversity action in federal court because it was intended to influence substantive outcomes, and to

treat it as a pure procedural rule could defeat the proper joinder of defendants. However, Plaintiffs'

also acknowledged that *Moomaw* was called into question in *Montclair-Bohl v. Janssen*

*Pharmaceutical, Inc.*, 2006 WL 2700013 (N.D.Ill. 2006).   Although Plaintiffs did not concede

Dr. Warrier's motion, they alternatively sought leave to amend the complaint to add a negligence

claim against Dr. Warrier, in place of the respondent in discovery count in the original complaint.

By Order dated August 13, 2012, Warrier's motion for dismissal was granted, but

Plaintiffs' motion for leave to amend the complaint was denied without prejudice (Doc. 30).   In

pertinent part, the Court stated:

> Plaintiffs do not indicate whether they seek to convert Dr. Warrier to a
> defendant by way of 735 ILCS 5/2-402, or whether, for example, he is a
> necessary party under Federal Rule of Civil Procedure 19.   Accordingly,
> the Court will deny Plaintiffs present motion for leave to amend, without
> prejudice.   The Court will not yet dismiss Dr. Warrier as a nominal party;
> rather, the Court will require that Plaintiffs file a separate motion seeking
> leave to amend the complaint, including additional information relative to
> the Court's concerns.

Doc. 30.   Although a proposed amended complaint had been included with the response, the

Court wanted to afford Dr. Warrier a full opportunity to address the proposed amendment.

On August 15, 2012, Plaintiffs moved to amend the complaint to assert a

negligence claim against Dr. Warrier (Doc. 31).   Plaintiffs took a shotgun approach, citing

Federal Rule of Civil Procedure 15(a)(2) and 735 ILCS 5/2-402 as authority for the amendment; in

the alternative, Plaintiff cited to Federal Rule of Civil Procedure 19(a)(1)(A) and/or Federal Rule

of Civil Procedure 20(a)(2) (*see* Doc. 31, p. 1).   Plaintiffs also asserted that their original motion

to amend (Doc. 28), filed May 28, 2012, fell under the provision of Section 2-402 that allowed six

months to convert a respondent in discovery to a defendant, even if the time for filing suit had

passed.

By Order dated August 1, 2012, Plaintiffs were granted leave to file their amended

complaint (Doc. 36).   The Court stated:

> Plaintiffs filed a motion to amend on August 15, 2012. Dr. Warrier filed a
> response, objecting that the proposed amendment is futile and arguing that
> the statute of limitations has run out and the proposed amendment does not
> relate back to the date of any timely pleading for purposes of Federal Rule
> of Civil Procedure 15(c). Because a statute of limitations is an affirmative
> defense, not a jurisdictional bar, the Court will permit the amended
> complaint to be filed, without comment to the merits of any defense. Dr.
> Warrier may then respond to the amended complaint in conformance with
> the Federal Rule[s] of Civil Procedure.

The Amended Complaint was filed September 2, 2012 (Doc. 37).

3.   Analysis

Defendant Warrier observes that he was not made a party to this action until

September 2, 2012, over five months after the two-year limitations deadline passed on March 22,

2012. Citing *Leach v. Conoco Phillips Co.*, Case No. 08-cv-0143-MJR, 2008 WL 3200835

(S.D.Ill. Aug. 6, 2008), Warrier further contends that dismissal based on the statute of limitations

is appropriate where a respondent in discovery is not named as a defendant until after the

limitations period expired.

Plaintiffs counter that "[t]he issue is whether the Illinois statute of limitations, as

augmented by an Illinois state statute (735 ILCS 5/2-402) extending the statute of limitations

under certain circumstances, is applicable" (Doc. 42, p. 3).   They focus their argument on whether

the two statutory provisions are substantive or procedural.   Plaintiffs' argument appears to stem

from Defendant Warrier's citation to *Leach v. Conoco Phillips Co.*, Case No. 08-cv-0143-MJR,

2008 WL 3200835 (S.D.Ill. Aug. 6, 2008), wherein the undersigned district judge stated:

> This Judge is not convinced that a state rule of civil procedure (735
> ILCS 5/2-402) governs amendment of complaints in this court
> post-removal, thereby trumping applicable *federal* provisions, like 28
> U.S.C. § 1447(e) (joinder of defendants in removed cases), Federal Rule of
> Civil Procedure 19 (compulsory joinder) and Federal Rule of Civil
> Procedure 20 (permissive joinder). *See Montclair-Bohl v. Janssen
> Pharmaceutical, Inc.,* 2006 WL 2700013, *1 (N.D.Ill.2006) (After finding
> Illinois respondent-in discovery rule in direct conflict with Fed.R.Civ.P. 19
> and 28 U.S.C. § 1447(e), court held "the Supremacy Clause dictates that the
> latter controls."). *See also Remet Corp v. City of* Chicago, 509 F.3d 816,
> 818 n. 1 (7th Cir.2007) (confirming that, under *Erie R.R. Co. v. Tompkins,*
> 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal court sitting in
> diversity applies substantive state law).

*Leach*, 2008 WL 3200835, *5.

A close reading of Warrier's motion reveals that *Leach* was cited *only* for the

proposition that dismissal based on the statute of limitations is appropriate where a respondent in

discovery is not named as a defendant until after the limitations period expired.   Dr. Warrier

specifically acknowledges that statutes of limitation are generally considered part of the forum

state's substantive law which federal courts must apply when sitting in diversity (Doc. 38, p. 2).

*See Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 528 (7th Cir.

1999).

> It is true that when federal courts borrow a state's statute of
> limitations for a § 1983 action, they also borrow the applicable tolling
> provisions. *See Wilson,* 471 U.S. at 269, 105 S.Ct. at 1943; *Cange v. Stotler
> & Co.,* 826 F.2d 581, 586 (7th Cir.1987). Federal courts, however, "borrow
> only what is necessary to fill the gap left by Congress," *West v. Conrail,* 481
> U.S. 35, 39 n. 6, 107 S.Ct. 1538, 1542 n. 6, 95 L.Ed.2d 32 (1987); *see
> Lewellen v. Morley,* 875 F.2d 118, 121 (7th Cir.1989), and they will not

borrow any state tolling rule that is inconsistent with federal law, *see Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980).

*Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989).   It was the possibility of inconsistency with federal law that was at issue in *Leach*, because the plaintiff sought to amend the complaint based on the respondent in discovery being a "necessary party" under Federal Rule of Civil Procedure 19, *not* 735 ILCS 5/2-402.   Therefore, the thrust of Plaintiffs' objection to dismissal is misplaced, as there is no dispute that Section 2-402 is a substantive law.   In this particular situation, whether 735 ILCS 5/2-402 was properly triggered to extend the two-year window for filing suit against Dr. Warrier does not require the Court to delve into the debate about substance-verses-procedure.

Plaintiffs rely on their May 28, 2012, response to Warrier's first motion to dismiss, wherein Plaintiffs sought leave to amend as an alternative to granting dismissal for lack of subject matter jurisdiction (Doc. 28).

In pertinent part, 735 ILCS 5/2-402 states:

§ 2-402. Respondents in discovery. The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and **may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.**
* * *
**A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. An extension from the original 6-month period for good cause may be granted only once for up to 90 days for (i) withdrawal of plaintiff's counsel or (ii)**

8

> **good cause.** Notwithstanding the limitations in this Section, the court may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery.

735 ILCS 5/2-402 (emphasis added).

Originally applied primarily in medical malpractice cases, Section 2-402 was a reform measure enacted to help defendants avoid the costs and burdens of litigation while assisting plaintiffs in discovering parties against whom a cause of action might lie. *See Robinson v. Johnson,* 809 N.E.2d 123, 129 (7th Cir. 2003); *Bosgeth v. Emanuel*, 655 N.E.2d 888 (Ill. 1995); *Lewis v. Dillon*, 816 N.E.2d 715, 721 (Ill. App. 1st Dist. 2004).

The two-year statute of limitations deadline of March 22, 2012, can thus be extended by Section 2-402.   However, the deadline for converting a respondent in discovery to a defendant runs from the date of filing, January 10, 2012.  *See Robinson v. Johnson*, 809 N.E.2d 123, 129 (Ill. App. 1st Dist. 2004) (the six-month period begins to run on the day the complaint is filed naming the respondent in discovery).   Therefore, even though the two-year period for filing suit ended on March 22, 2012, Plaintiffs had as late as July 10, 2012, to either convert Dr. Warrier from a respondent in discovery to an actual party, or to seek an extension as provided in Section 2-402.

Plaintiffs' May 28, 2012, request for leave to amend the complaint was made before July 10, 2012, but it was denied.   The denial was without prejudice to Plaintiffs refilling the motion, which they did, as instructed by the Court.   Thus, Dr. Warrier was afforded a full opportunity to address the motion. The delay in filing the amended complaint rests on the Court, not Plaintiffs, and the delay should not affect the timeliness of Plaintiffs' motion.  *See Schillinger v. Union Pacific Railroad Co.*, 425 F.3d 330, 334 (7th Cir. 2005). The proposed amended

complaint should be deemed filed when Plaintiffs sought leave to do so on May 28, 2012.

The fact that the Court finds the May 28, 2012, motion for leave to amend to convert Dr. Warrier from a respondent in discovery to a defendant does not end the inquiry. Section 2-402 requires that probable cause be shown for adding a respondent in discovery as a party. *Stone v. Paddock Publications, Inc.*, 961 N.E.2d 380, 395-396 (Ill.App. 1st Dist. 2011); *Jackson-Baker v. Immesoete*, 787 N.E.2d 874, 877 (Ill.App. 3rd Dist. 2003).

Plaintiffs' counsel and a revised certificate of merit completed by a physician, as required under 735 ILCS 5/2- Plaintiffs' May 28, 2012, request to amend did not specifically address the probable cause requirement (Doc. 28, pp. 1-2).  However, the attached proposed amended complaint included an affidavit from 622 (Doc. 28, pp. 12-14).   In Long v. Mathew, 783 N.E.2d 1076, 1083-1084 (Ill. App. 4th Dist. 2003), Section 2-402 probable cause requirement was satisfied by inclusion of just such an affidavit and certificate of merit. The very detailed revised certificate of merit (Doc. 28, pp. 13-14) clearly reflects that Plaintiffs had utilized Section 2-402 as intended, gathering evidence to ensure it was appropriate to lodge a claim against Dr. Warrier. Therefore, as of May 28, 2012, Plaintiffs satisfied the probable cause requirement and timely moved to amend the complaint so as to convert Dr. Warrier from a respondent in discovery to a defendant.  Consequently, Plaintiffs qualified for the six-month grace period afforded under Section 2-402.

4.    Conclusion

For the reasons stated, Dr. Warrier's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), based on the statute of limitations and Plaintiffs failure to properly convert Dr. Warrier from a respondent in discovery to a party before July 10, 2012, (Doc. 38) is **DENIED**.    Count III of the amended complaint (Doc. 37) alleging medical negligence by Dr.

Warrier shall proceed, along with Counts I and II against Defendant Marshall Browning Hospital

shall proceed.

        **IT IS SO ORDERED.**

        **DATED:   October 31, 2012**

                              **s/ Michael J. Reagan**
                              **MICHAEL J. REAGAN**
                              **United States District Judge**